**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **NORTHFIELD** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 4:21-cv-00078** |
| **v.** | § | |
| | § | |
| **TX10 INDUSTRIAL, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT**
**APPOINTING APPRAISAL UMPIRE**

Northfield Insurance Company ("Northfield") files this Complaint for Declaratory Judgment Appointing Appraisal Umpire pursuant to 28 U.S.C. § 2201(a) and would respectfully show this Court as follows:

**I.**
**INTRODUCTION**

1.      This is a first party property insurance dispute. Under the terms of the applicable policy, either party can invoke the right to appraisal where there is a disagreement regarding the amount of loss applicable to an insurance claim. Once appraisal is invoked, both parties are required to designate an appraiser and then the appraisers are to reach an agreement regarding an umpire. The policy further states that if the appraisers cannot agree on an umpire within 15 days, either may request that selection be made by a judge of a court having jurisdiction.

2.      Defendant demanded appraisal on December 15, 2020. Northfield appointed its appraiser on December 30, 2020. The appraisers have been unable to reach an agreement regarding the appointment of an umpire within 15 days. As a result, and pursuant to the insurance policy,

Northfield files this declaratory judgment action asking the Court to appoint an impartial umpire for purposes of the appraisal process.

## II.
## PARTIES

3.      Plaintiff Northfield Insurance Company is an Iowa company incorporated under the laws of the State of Iowa with its principal place of business in Hartford, Connecticut. As such, Northfield is a citizen of the State of Iowan and the State of Connecticut.

4.      Defendant TX10 Industrial, LLC is a Texas limited liability company whose members, Donald Rohde and Veronica Rohde, are citizens of Texas. Defendant is therefore a citizen of Texas. Service of process may be accomplished on TX10 Industrial, LLC by serving its registered agent, Donald Q. Rohde, at 4216 Cheshire Drive, Colleyville, Texas 76034.

## III.
## JURISDICTION AND VENUE

5.      Venue is proper in this Court because the properties which are the subject of the insurance claim at issue in this matter are located in this district, and a substantial portion of the events giving rise to this suit occurred in this district. *See* 28 U.S.C. § 1391(b)(2).

6.      This Court has jurisdiction of this civil action pursuant to 28 U.S.C. § 1332, in that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states. Northfield estimated that repairs to the properties at issue total approximately $175,262.73. *See* Exhibit 1. After deducting recoverable depreciation and the policy deductible per property, Northfield issued claim payments totaling $119,712.30. On December 15, 2020, TX10 Industrial demanded appraisal, acknowledging Northfield's position that TX10 Industrial's damages were $119,712.30, and disputing that assessment based on TX10 Industrial's alleged belief that the adjustment and Northfield's estimate and/or payments "undervalue the total amount of loss to our property to both the roof and exterior." Exhibit 2. The difference between

Northfield's estimate and claim payments, both of which TX10 Industrial has indicated it disagrees

with, is $55,550.43. Northfield's estimate also did not include the cost to replace one of the roofs

on the properties, which was only partially damaged, or to repair exterior damages to two of the

properties, for which no damage was identified although TX10 Industrial contends otherwise. The

amount in controversy is the difference between the payments issued by Northfield and the amount

sought by TX10 Industrial, which clearly exceeds $75,000.00 and the amount in controversy is

therefore met.

   7.  This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201, *et. seq.*,

based on an actual controversy between the parties, namely, the inability to agree on an umpire for

an appraisal as contractually required.

**IV.**
**BACKGROUND**

   8.  Northfield issued a commercial insurance policy providing property coverage to

certain properties owned by TX10 Industrial, LLC. Policy number WS388714 was effective

October 10, 2019 to October  10, 2020 (the "Policy"), and insured properties located in Hurst,

Tarrant County, Texas, at 1345 W. Hurst Blvd.; 1347 W. Hurst Blvd.; and 1349 W. Hurst Blvd

(collectively, the "Properties").

   9.  The Policy contains an appraisal provision which provides:

> **Appraisal**.
>
> If we and you disagree on the amount of loss, either may make
> written demand for an appraisal of the loss.  In this event, each party
> will select a competent and impartial appraiser and notify the other
> of the appraiser selected within 20 days of such demand.  The two
> appraisers will select an umpire.  If they cannot agree within 15 days
> upon such umpire, either may request that selection be made by a
> judge of a court having jurisdiction.  Each appraiser will state the
> amount of loss. If they fail to agree, they will submit their
> differences to the umpire.  A decision agreed to by any two will be
> binding as to the amount of the loss.  Each party will:

    **a.** Pay its chosen appraiser; and

    **b.** Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal:

    **a.** You will still retain your right to bring a legal action against us, subject to the provisions of the Legal Action Against Us Commercial Property Condition; and

    **b.** We will still retain our right to deny the claim.

7.     In July 2020, a public adjuster retained by TX10 Industrial, LLC notified Northfield of a claim for alleged damage to the roofs of the Properties as a result of an April 27, 2020 hail storm. Northfield inspected the Properties and determined that the roofs on the properties located at 1345 W. Hurst and 1349 W. Hurst required replacement. Northfield also agreed to repair hail damage it identified to the property located at 1347 W. Hurst, including a portion of the roof and some siding. Northfield completed a damage estimate for all three properties and issued payments totaling $119,712.30 after deducting recoverable depreciation and a hail damage deductible for each property.

8.     On or about December 15, 2020, TX10 Industrial, LLC sent Northfield a letter invoking the appraisal provisions of the Policy and identifying Jonathan Haddaway as its appointed appraiser.

9.     Northfield subsequently named Derek Bridges as its appraiser.

10.    Mr. Haddaway and Mr. Bridges have each suggested individuals to serve as umpires. Mr. Bridges proposed using Jason Heffington, Tucker Patch, John LaFleur, Donny Reed, Dallas Kaemmerling, or Wayne Pittman. Mr. Haddaway rejected all of these individuals and

proposed Benjamin Bain, Mark Swierc, or Darrel Wharton. The appraisers have not been able to reach an agreement regarding an umpire.

11.    Accordingly, pursuant to the appraisal provision of the Policy, Northfield files this declaratory judgment action asking this Court to appoint an umpire for purposes of the appraisal.

## V.
## DECLARATORY JUDGMENT
## APPOINTMENT OF APPRAISAL UMPIRE

12.    In the context of an appraisal, the umpire serves as a neutral party to resolve disputes regarding the amount of loss which cannot be agreed upon by the appraisers appointed by the respective parties. In this way, the umpire serves as a judge. Given this position, the impartiality of the umpire is key.

13.    The appraisers chosen by TX10 Industrial, LLC and Northfield have not been able to reach an agreement on an umpire. Accordingly, Northfield requests that the Court issue a declaration appointing an impartial third-party not selected from either appraiser's proposed list as umpire so that the appraisal process can move forward without further delay.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Northfield respectfully requests that the Court enter an Order appointing an umpire and awarding Northfield any other relief, at law or in equity, to which it shows itself to be justly entitled.

Respectfully submitted,


_____/s/ Wm. Lance Lewis_____
WM. LANCE LEWIS
Texas Bar No. 12314560
ALISSA PUCKETT
Texas Bar No. 24056886
**QUILLING, SELANDER, LOWNDS,**
**WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas  75201
(214) 871-2100
(214) 871-2111 (Fax)
llewis@qslwm.com
apuckett@qslwm.com

**ATTORNEYS FOR PLAINTIFF**
**NORTHFIELD INSURANCE COMPANY**